# IN THE COURT OF APPEALS OF IOWA

No. 22-0449
Filed January 11, 2023

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER ERIC CURLEY,**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Linn County, Jason Besler, Judge.

　　A defendant appeals his sentence following a guilty plea.  **AFFIRMED.**

　　Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

　　Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Christopher Curley pled guilty to second-degree burglary and assault causing bodily injury. The plea agreement laid out that the State would not recommend a specific sentence and Curley was free to argue for whatever sentence he chose. He asked the court for a suspended sentence. But, in part because of Curley's prior convictions for willful injury causing bodily injury, domestic abuse assault, and assault causing bodily injury, the district court sentenced him to ten years on the burglary charge and imposed a fine for the assault charge. Curley now appeals, arguing the district court abused its discretion in its sentencing choice.

Because Curley pled guilty to crimes that are not class "A" felonies, under Iowa Code section 814.6(1)(a)(3) (2022) he needs good cause to appeal; as he is only challenging his sentence, he has good cause. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."). We review a criminal sentence within the statutory limits for an abuse of discretion. *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). That sentence is "cloaked with a strong presumption in its favor," which a defendant can only overcome by "affirmatively demonstrating the court relied on an improper factor." *Damme*, 944 N.W.2d at 105–06 (citation omitted).

Curley argues the sentencing court gave too much weight to his prior criminal history and the vengeful nature of the crime[1] and too little weight on the context surrounding the crime; he asserts the court should have imposed a suspended sentence. But, when determining the appropriate sentence, district courts are expected "to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). And, before suspending a sentence—as Curley asked the district court to—it is also required to take into account "the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.*; *see also* Iowa Code § 907.5(1). Here, the district court recognized the "understandable anger" Curley would have felt leading up to the incident, but also noted this was not inconsistent with his past convictions.[2] The district court was free to weigh the factors within its discretion to craft the appropriate sentence. Because the district court did not rely on improper factors

---

[1] Curley explained to the court that the incident at hand was a bout of "vigilante justice" that occurred after his wife was sexually assaulted, purportedly by the man Curley assaulted.

[2] Curley also argues the district court had insufficient information about his prior convictions. But he cannot point us to a case, nor do we find one on our own review, that dictates how much information the district court needed about these incidents. And Curley was free to, and did, explain the distinctions between the instant crime and his previous convictions at sentencing.

and acted within its discretion in determining Curley's sentence, we will not disturb it.

**AFFIRMED.**